UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-09637-JGB-KS        Date: December 2, 2025

Title    *Alonzo McKinney v. J. Walker*

Present: The Honorable:    Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL

**BACKGROUND**

On September 29, 2025, Petitioner, a California state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1.) Petitioner erroneously filed the Petition in the United States District Court for the Eastern District of California, and it was subsequently transferred to this District. (Dkt. Nos 1, 4.) The Petition challenges a 1997 judgment of conviction involving assault with a deadly weapon and a three-strikes sentence. (Dkt. No. 1 at 2.)

Petitioner has filed numerous prior habeas petitions in this district, including the following:

1) *Alonzo McKinney v. Rocha*, 2:24-cv-02295-JGB-KS (March 30, 2024) (dismissed as second or successive)
2) *Alonzo McKinney v. Newsom*, 2:23-cv-01529-AB-AGR (February 17, 2023) (dismissed for failure to state a cognizable claim);
3) *Alonzo McKinney v. Unknown*, 2:22-cv-02722-JGB-KS (April 22, 2022) (dismissed for failure to state a cognizable claim);
4) *Alonzo McKinney v. G. Newsom*, 2:20-cv-10736-JGB-KS (Jan. 15, 2021) (dismissed as second or successive);
5) *Alonzo McKinney v. G. Newson*, 2:19-cv-04059-JGB-KS (Jun. 14, 2019) (dismissed as second or successive);
6) *Alonzo McKinney v. Scott Kernan*, 2:18-cv-04088-JAK-FFM (Jul. 2, 2018) (dismissed as second or successive);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09637-JGB-KS                                                    Date: December 2, 2025

Title       *Alonzo McKinney v. J. Walker*

7) *Alonzo McKinney v. G. Smith*, 2:17-cv-02578-JAK-FFM (Dec. 1, 2017) (dismissed for failure to state a cognizable claim);
8) *Alonzo McKinney v. Christian Pfeiffer*, 2:15-cv-05268-JAK-MAR (Mar. 21, 2017) (dismissed for failure to state a cognizable claim);
9) *Alonzo McKinney v. Acebedo*, 2:14-cv-01102-GAF-DTB (Mar. 24, 2014) (dismissed for lack of jurisdiction);
10) *Alonzo McKinney v. Lisa Lichenstein*, 2:13-cv-04403-GAF-DTB (Jul. 6, 2013) (dismissed for lack of jurisdiction);
11) *Alonzo McKinney v. People of the State of California*, 2:10-cv-01932-GAF-FMO (Apr. 8, 2010) (dismissed for lack of jurisdiction);
12) *Alonso McKinney v. A K Scribner*, 2:05-cv-00659-SJO-FMO (Feb. 7, 2005) (dismissed for lack of jurisdiction);
13) *Alonzo McKinney v. United States of America*, 2:04-cv-09221-RMT-FMO (Dec. 16, 2004) (dismissed for lack of jurisdiction);
14) *Alonzo McKinney v. D.D. Ortiz et al*, 2:04-cv-03614-GAF-FMO (Jun. 9, 2004) (dismissed for lack of jurisdiction);
15) *Alonzo McKinney v. Ernie Roe et al*, 2:01-cv-01008-RMT-EE (Jul. 5, 2001) (dismissed as second or successive);
16) *Alonzo McKinney v. Lancaster State*, 2:00-cv-12831-RMT-EE (Apr. 20, 2001) (dismissed for lack of jurisdiction);
17) *Alonso McKinney v. Lennox, et al*, 2:00-cv-00492-JGB-KS (Nov. 8, 2000) (dismissed for lack of jurisdiction); and
18) *Alonzo McKinney v. High Desert State, et al*, 2:99-cv-03331-JGB-KS (Mar. 22, 2001) (denied on the merits with prejudice).

Notably, Petitioner's prior habeas petitions include a March 30, 1999 petition attacking Petitioner's 1997 conviction and the resulting sentence of 25 years to life ("March 1999 Petition") that was denied with prejudice on the merits.  (*See Alonzo McKinney v. High Desert State, et al*, No. 2:99-cv-03331-JGB-KS, Dkt. Nos. 1, 36-38.)

For the following reasons, the Court orders Petitioner to show cause, no later than January 2, 2026, why the Court should not recommend that the Petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09637-JGB-KS                                    Date: December 2, 2025

Title    _Alonzo McKinney v. J. Walker_

### LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

### DISCUSSION

**I.   The Petition Fails to Satisfy the Demanding Pleading Standard of Habeas Rule 2**

*A. Legal Standard*

Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Habeas Rule 2(c) imposes a "more demanding" pleading standard. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. *See id.* The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." *Id.*; Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

Although the Court must construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011). Further, allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09637-JGB-KS   Date: December 2, 2025

Title    _Alonzo McKinney v. J. Walker_

unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

   *B. Analysis*

   The Petition violates Rule 2. Petitioner fails to provide crucial information in the Petition, and as a result, it is impossible for the Court to discern the nature of Petitioner's claims and whether it has jurisdiction to the consider the Petition. Petitioner fails to specify with sufficient clarity his grounds for relief and to allege adequate facts that would support each ground and enable the Court to glean the nature of his claims. Furthermore, the Petition fails to explain how the fact or duration of Petitioner's custody violates the U.S. Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (noting that "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). Even construed liberally, Petitioner's allegations are too vague to point to "a real possibility of constitutional error." *See* Advisory Committee's Note on Habeas Corpus Rule 4; *see also Hendricks*, 908 F.2d at 491. Accordingly, the Petition is subject to dismissal pursuant to Habeas Rules 2 and 4.

II.    **The Petition Is Subject to Dismissal Because It Appears to Be Second or Successive**

   *A. Legal Standard*

   State habeas petitioners generally may file only <u>one</u> federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. §§ 2244(b)(1) (stating courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and 2244(b)(2) (stating that, with exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (noting that claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

   Even when § 2244(b) provides grounds for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any second or successive petition. 28 U.S.C. § 2244(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09637-JGB-KS                                               Date: December 2, 2025

Title     *Alonzo McKinney v. J. Walker*

The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

   *B. Analysis*

   The Court denied Petitioner's March 1999 Petition with prejudice on the merits, *see Alonzo McKinney v. High Desert State, et al*, 2:99-cv-03331-JGB-KS, Dkt. Nos. 37-38, and Petitioner has not alleged that he received leave from the Ninth Circuit to bring a second or successive § 2254 petition. Accordingly, the Petition appears to be an unauthorized second or successive § 2254 petition and must be dismissed because the Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (finding that the district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

**ORDER TO SHOW CAUSE**

   **Based on the foregoing, Petitioner is ORDERED TO SHOW CAUSE no later than January 2, 2026, why the court should not recommend that the Petition be dismissed for violating Habeas Rule 2 and for constituting an unauthorized second or successive petition.** To discharge this Order and proceed with this action, Petitioner shall file, no later than the January 2, 2026 deadline, a First Amended Petition that does all of the following:

   (1) Demonstrates that the Ninth Circuit has authorized Petitioner to file this second or successive petition; and

   (2) Explains how the conviction or other judicial action being attacked violates the Constitution or the laws of the United States. Petitioner is reminded that it is not sufficient to simply cite to a constitutional amendment. Instead, "[i]t is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." *See* Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4. Petitioner is also reminded that the Court is limited to deciding whether Petitioner's sentence or conviction violated the Constitution, laws,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09637-JGB-KS                                               Date: December 2, 2025

Title      <u>Alonzo McKinney v. J. Walker</u>

or treaties of the United States. *See Estelle*, 502 U.S. at 67-68. Federal habeas corpus relief is <u>not</u> available to remedy errors of state law.

Further, in filing a First Amended Petition, **Petitioner is strongly encouraged to use the Central District's form habeas petition**. The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**Finally, Petitioner is expressly warned that his failure to timely comply with this Order and file a First Amended Petition that shows cause for proceeding with this action <u>will</u> result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

:

**Initials of Preparer**          gr